**Ex parte James Timothy WHITE, Applicant.**

Nos. AP–75308, AP–75309.

Court of Criminal Appeals of Texas.

Jan. 10, 2007.

Pete Gilfeather, Fort Worth, for Appellant.

Andrea Jacobs, Asst. District Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

JOHNSON, J., delivered the opinion of the unanimous Court.

Applicant was convicted by a jury of one count of indecency with a child by contact and two counts of aggravated sexual assault of a child under 14 years of age. The indictment included two enhancement paragraphs, one of which alleged that applicant had previously been convicted in Delaware of felony unlawful sexual contact. The jury found the sex-offender allegation "true," a finding that mandated a life sentence on each of the charged of-

---

1. Applicant was sentenced to life imprisonment for each count, with the sentences to be served concurrently.

2. We note that the writ applications, as well as the parties' briefs, refer to the clerk's and reporter's trial records, including exhibits. The writ record before us does not include

fenses.[1] In an appeal of the conviction for indecency with a child, *White v. State,* No. 2–02–143–CR, 2003 WL 865351 (Tex.App.-Fort Worth, delivered March 6, 2003, pet. ref'd)(not designated for publication), the court of appeals noted that the trial court "took judicial notice of a Delaware statute and found it substantially similar to [TEX. PENAL CODE § 21.11], which sets out the offense of indecency with a child." Applicant's petition for discretionary review was refused on June 4, 2003.

Applicant alleged in his application for writ of habeas corpus that his sentences in these two cases were improperly enhanced. He asserted that his Delaware conviction for a sexual offense was not "final" and that the state was thus barred from using it to enhance the punishment range for the charged Texas offenses.[2] This Court remanded the cause to the trial court for determination of three issues.

1) Whether applicant's probated sentence from his conviction in Delaware under cause number 94020101 was ever revoked.

2) If applicant's probated sentence had not been revoked, whether use of his Delaware conviction for enhancement purposes under Section 42.12(c)(d)(B) of the Penal Code violated applicant's rights under the *ex post facto* clause.

3) whether applicant's trial counsel rendered ineffective assistance by failing to challenge the use of the Delaware conviction as an enhancement under Section 42.12(c)(d)(B) of the Penal Code.

those documents, but does include the indictment, judgment, and sentence. The judgment reflects that the charged offenses occurred on January 6, 2001, and June 1, 2001, that the "judgment on jury verdict of guilty" was entered on April 10, 2002, and that the sentences were imposed on April 11, 2002.

On remand, the trial court found that: applicant's Delaware probation was never revoked; that the elements of the offense charged in Delaware were substantially similar to the Texas offense of indecency with a child; that since 1972, Delaware has considered the conviction of which applicant was convicted final for the purpose of enhancement, even if the sentence is suspended; and that trial counsel had investigated the Delaware conviction and believed that the conviction was admissible pursuant to TEX. PENAL CODE § 12.42. The trial court concluded that, although applicant's probated sentence in Delaware had never been revoked, it was available for enhancement pursuant to TEX. PENAL CODE § 42.12(c)(d)(B), that there was no violation of the *ex post facto* clause, and that trial counsel were not ineffective. The trial court's findings of fact and conclusions of law are supported by the record. We affirm.

### Similarity to a listed Texas offense

■ The first issue we must decide is whether the Delaware conviction is covered by subsection 12.42(c)(2)(B)(v): a previous conviction for an offense "under the laws of another state containing substantially similar elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv)." Subparagraphs (i), (ii), (iii), and (iv) list several statutes that define various offenses, most of which involve some sexual misconduct. We now consider whether the elements of the Delaware conviction are "substantially similar" to the elements of an offense that falls under the provisions of subsection 12.42(c)(2)(B)(i-iv).

The writ record reflects that the habeas court adopted the state's proposed findings of fact and conclusions of law, including a finding that the Delaware statute for unlawful sexual contact is substantially similar to the Texas statute for indecency with a child. The habeas court also noted the court of appeals' similar holding in its review of applicant's direct appeal. Applicant acknowledges that the trial court took judicial notice of the specific Delaware statutes setting forth the elements for unlawful sexual contact in the second degree: 11 Del. C. § 768 (1993) defines a person as guilty of unlawful sexual contact in the second degree "when he intentionally has sexual contact with another person who is less than 16 years of age or causes the victim to have sexual contact with him or a third person." The Texas offense of Indecency with a Child is defined in TEX. PENAL CODE sec. 21.11(a) and is an offense named in subparagraph 12.42(c)(2)(B)(ii).

A person commits an offense if, with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact:....

We hold that the elements of applicant's Delaware offense are substantially similar to the elements of an offense listed in subparagraph (ii) of subsection 12.42(c)(2)(B), specifically indecency with a child. Because of his prior conviction in Delaware, applicant has been "previously convicted," under the laws of another state, of an offense containing elements that are substantially similar to the elements of an offense listed in subparagraph 12.42(c)(2)(B)(ii). Thus, the Delaware prior conviction may be available to enhance the punishment of the charged offenses.

### Finality of prior conviction

■ Because the elements of the Delaware conviction are substantially similar to the elements of an offense listed under Subsection (c)(2)(B), we now consider whether such a prior conviction from another jurisdiction may be used to enhance

punishment in Texas if that conviction was probated and not revoked.[3]

Citing *Elder v. State,* 677 S.W.2d 538, 539 (Tex.Crim.App.1984), applicant argues that, if a defendant were sentenced to probation, the state must introduce an order revoking probation or otherwise prove that the probation was revoked in order to establish the finality of the conviction. Citing *Diremiggio v. State,* 637 S.W.2d 926, 928 (Tex.Crim.App.1982), he also asserts that "[f]oreign judgments that suggest on their face that they may not be final must be proved to be final under applicable foreign law."

The state argues that subsection 12.42(g)(2) permits prior convictions from other states to be used for enhancement, while subsection (g)(1) allows unrevoked probations and deferred adjudications of certain offenses to be used for enhancement. Thus, in conjunction, §§ 12.42(g)(1) and (2) allow certain prior unrevoked probated convictions from another state to be used for purposes of enhancement pursuant to § 12.42(c)(2).

As we have long held, "[i]t is well-settled that a probated sentence is not a final conviction for enhancement purposes unless it is revoked." *Ex parte Langley,* 833 S.W.2d 141, 143 (Tex.Crim.App.1992), *citing Ex parte Murchison,* 560 S.W.2d 654, 656 (Tex.Crim.App.1978). More recently, in *Jordan v. State,* 36 S.W.3d 871, 873 (Tex.Crim.App.2001), this Court has said that "[i]n connection with § 12.42 enhancement provisions and their predecessors, we have held uniformly that the prior convictions must be final convictions."

While that is the general rule, subsection 12.42(g)(1) specifically provides that, for purposes of subsection 12.42(c)(2), a defendant has been "previously convicted" of an offense listed under subsection 12.42(c)(2)(B), if he either was adjudged guilty or entered a plea of guilty or *nolo contendere* in return for a grant of deferred adjudication, "regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision[.]"

Subsection 12.42(g)(2) states, also for purposes of subsection 12.42(c)(2), that a conviction under the laws of another state for an offense containing elements that are substantially similar to the elements of an offense listed under subsection 12.42(c)(2)(B) is also a conviction for an offense listed under that subsection. Thus, in conjunction, subsection 12.42(c)(2) and subsections 12.42(g)(1) and (2) provide that a defendant shall be punished by imprisonment for life if he was convicted of one of the offenses listed in subsection 12.42(c)(2)(A) and he has also been previously convicted of one of the offenses listed in subsection 12.42(c)(2)(B), including an offense under the laws of another state for an offense containing elements substantially similar to the elements of the listed prior offenses.

Thus, we hold that a prior foreign conviction for an offense containing elements that are substantially similar to the elements of an offense listed under subsection 12.42(c)(2)(B) may be used to enhance punishment in Texas under subsection 12.42(c)(2), even if the sentence for that conviction was probated and the probation was not revoked.[4] In this case, the pro-

---

**3.** The writ record reflects that, in Delaware, in December 1994, applicant was adjudged guilty of the offense of unlawful sexual contact and was ordered to be placed in the department of corrections for two years, and

that "after serving four months, this sentence is suspended for twenty months[.]"

**4.** Because our own legislature has spoken specifically on the issue of use of certain

bated Delaware conviction was properly used to enhance the punishment range for the charged offenses.

### Ex post facto violation

■ Citing *Scott v. State*, 55 S.W.3d 593 (Tex.Crim.App.2001), applicant argues that this is a prohibited *ex post facto* application of § 12.42's mandatory life-sentence provisions because, at the time he received probation in Delaware there was no provision in Texas law for an automatic life sentence for a sex crime pursuant to § 12.42. Applicant contends that, under the law applicable in Texas at that time, his conviction in Delaware was not final under Texas law because his probation had never been revoked. However, in *Scott* we pointed out that this Court and the United States Supreme Court have held that enhancement statutes penalize the new criminal offense being enhanced rather than the prior offense used for enhancement and that a statute imposing a punishment on only future crimes is not an *ex post facto* violation. *Id.* at 597. The distinguishing factor in *Scott* was the existence in the prior statute of an explicit limitation on the collateral consequences of deferred adjudication, but in the instant cause there was no such limitation or restriction on the collateral consequences of applicant's previous conviction. Applicant does not show that there was previously such a restriction. Applicant fails to persuade us that the application of § 12.42 to this cause violates *ex post facto* protections.

### Ineffective assistance

We next consider whether trial counsel was ineffective for failing to object to the use of the Delaware conviction to enhance applicant's punishment. Applicant

argues that trial counsel failed to: 1) move for a directed verdict on the issue of the Delaware enhancement; and 2) failed to object to the jury charge on punishment concerning the Delaware enhancement. He suggests that, had his trial attorneys made such objections and had the Delaware enhancement paragraph been thrown out, he "would have been looking at fifteen years to life instead of automatic life[.]" Applicant acknowledges that the state presented documentary and testamentary evidence that he had been convicted of unlawful sexual contact in Delaware and had received a probated sentence. He also acknowledges that the trial court took judicial notice of the specific Delaware statutes setting forth the elements for that second-degree offense.

It is well settled that, in order to prevail on a claim of ineffective assistance of counsel, applicant must demonstrate that 1) trial counsel's conduct fell below an objective standard of reasonableness; and 2) this ineffectiveness prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Martinez*, 195 S.W.3d 713, 721 (Tex.Crim.App.2006). As the first step in demonstrating that he is entitled to habeas corpus relief on the basis of ineffective assistance of counsel, applicant has the burden to prove, by a preponderance of evidence, that trial counsel's performance was constitutionally deficient. *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex.Crim.App. 2006). Because we have determined that applicant's Delaware prior conviction was properly used to enhance punishment, we cannot conclude that trial counsel's performance in regard to the prior conviction

convictions, regardless of finality, to enhance certain other offenses, we do not find it necessary to determine whether such convictions

are considered final by the originating jurisdiction or the effect of finality in a foreign jurisdiction on enhancements in Texas.

was deficient.[5]

Relief is denied.

---

**5.** We note that the writ record contains affidavits from both of applicant's trial attorneys, who indicate that they were aware of the probated sentence for the Delaware conviction. After researching the issue under Delaware law, they determined that the conviction was final and concluded that it was therefore final for purposes of enhancement during the Texas trial. They both stated that "no objection was raised that the convictions were not final because in fact they were."