NO. 07-06-0352-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 31, 2007


______________________________



ROBERTO RODRIQUEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15,828-C; HON. RICHARD DAMBOLD, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Roberto Rodriquez was convicted of the aggravated sexual assault of a child and
sentenced to life in prison. In contending that the conviction should be reversed, he argues
that 1) he was denied his right to a speedy trial, 2) he was subjected to ex post facto
legislation by the use of a prior suspended sentence in New Mexico to enhance his
punishment, and 3) the jury should have determined whether his prior New Mexico
conviction was substantially similar to one of the offenses enumerated in §12.42(c)(2)(B)
of the Penal Code. We affirm. 

 Issue 1 - Speedy Trial

 Regarding the matter of a speedy trial, appellant claims he was denied this right. 
Such a right is guaranteed by both the federal and state constitutions. Furthermore, when
it is abridged, the prosecution must be dismissed with prejudice. Shaw v. State, 117
S.W.3d 883, 888 (Tex. Crim. App. 2003); see also Hull v. State, 699 S.W.2d 220, 224
(Tex. Crim. App. 1985). 

 Next, in determining whether a constitutional violation has occurred, the trial court
balances factors such as 1) the length of the delay, 2) the reason for delay, 3) the
defendant's assertion of his speedy trial right, and 4) any prejudice resulting to him from
the delay. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116
(1972). No single factor is necessary or sufficient, however. Dragoo v. State, 96 S.W.3d
308, 313 (Tex. Crim. App. 2003). And, as long as the ruling is supported by the record and 
law, we cannot change it. Shaw v. State, 117 S.W.3d at 889.

 As for the length of delay, we note authority holding that one spanning a year is
sufficient to trigger a speedy trial inquiry. Id. Here, appellant was arrested in January 2004
and not tried until August 2006. Thus, an interval of approximately 32 months lapsed
between the two dates. Because the period "stretched far beyond the minimum needed
to trigger the inquiry . . . this factor weighs heavily in favor of finding a violation of
appellant's right to speedy trial." Id. (involving a 38-month period).

 With respect to the reason for the delay, neither party could provide an explanation
for it. And, while the record shows that the original trial date of April 5, 2005, was passed
due to appellant requesting a continuance, little was proffered to show why the matter was
not set again until August 22, 2006. Given the lack of an explanation, a "court may
presume neither a deliberate attempt on the part of the State to prejudice the defense nor
a valid reason for the delay." Dragoo v. State, 96 S.W.3d at 314. Nonetheless, in such
situations, the factor weighs against the State but not heavily. Id. 

 Next, the record discloses that appellant formally said nothing about his right to a
speedy trial until a month before his trial convened. And, when he broached it, he did so
by asking for a dismissal. Such delay in asserting the right makes it difficult for him to
prevail. Shaw v. State, 117 S.W.3d at 890. This is so because it "indicates strongly that
he did not really want one [a speedy trial] and that he was not prejudiced by not having
one." Id. Indeed, the longer the silence, the more likely it is that a defendant who wanted
a speedy trial would have acted to obtain one. Id. So, appellant's 32-month silence not
only strikes heavily against him, it also extenuates any presumption of prejudice to which
he may have been entitled. See id. (stating that a defendant's inaction extenuates a
presumption of prejudice). 

 The chance of prejudice further diminishes since we are cited to no evidence
suggesting that the delay somehow denied appellant of evidence or witnesses to use in his
defense. Nor can it be said that appellant fell victim to oppressive pretrial incarceration due
to any delay since he was released from jail on bond shortly after his arrest. And while he
did testify that he had felt stressed while awaiting trial, he did not provide any specific
information depicting any unusual anxiety or concern, i.e. "any anxiety or concern beyond
the level normally associated with being charged with a felony sexual crime." Shaw v.
State, 117 S.W.3d at 890; compare Zamorano v. State, 84 S.W.3d 643, 654 (Tex. Crim.
App. 2002) (in which the defendant day laborer testified he had lost money and suffered
as a result of the requirement to report weekly to the bonding company). So, on the
record before it, the trial court could have reasonably concluded that appellant failed to
demonstrate actual prejudice. 

 As can be seen, only the first two factors appear to weigh against the State, and one
of the two is not that weighty. On the other hand, the trial court had basis to conclude that
the keys to his speedy trial lay in the hands of appellant in large part, and, by withholding
complaint until the eve of trial, the balance of the factors strikes against him. Thus, we
overrule the issue since we cannot say that the decision rendered on the matter lacked
evidentiary support or failed to comport with the law. See Shaw v. State, supra (unjustified
38-month delay without objection by defendant until the eve of trial held not to have denied
him a speedy trial); Dragoo v. State, supra (a 3 ½-year unjustified delay without objection
until the eve of trial held not to have violated defendant's right to a speedy trial). 

 Issues 2 and 3 - New Mexico Conviction

 Appellant's other two issues concern a previous New Mexico conviction used to
enhance his punishment. The conviction arose in 1980 and involved criminal sexual
penetration. The State's use of it to enhance the punishment accompanying his current
conviction allegedly violated constitutional ex post facto prohibitions. Moreover, in denying
the jury opportunity to decide whether the New Mexico offense was substantially similar to
various statutory crimes mandating a life sentence, the trial purportedly erred. We overrule
each issue.

 One convicted of aggravated sexual assault must be imprisoned for life if he was
previously convicted of the same crime or others listed in §12.42(c)(2)(B) of the Texas
Penal Code. Tex. Pen. Code Ann. §12.42(c)(2) (Vernon Supp. 2006). Furthermore, the
prior conviction may be that issuing from another state so long as the elements of the
crime underlying that conviction are substantially similar to aggravated sexual assault or
the other various crimes itemized under §12.42(c)(2)(B). Id. §12.42(c)(2)(B)(v). Whether
they are substantially similar is a question of law involving the interpretation of the
respective statutes. See Hardy v. State, 187 S.W.3d 232, 236 (Tex. App.-Texarkana
2006, pet. ref'd) (wherein the court compared the two statutes to determine their similarity
after noting that the interpretation of a statute was a question of law); accord, Ex parte
White, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007) (wherein the Court of Criminal
Appeals determined whether the two statutes were substantially similar). And, being a
question of law, the matter need not be submitted to a jury for resolution. Id. Thus, the
trial court at bar did not err in deciding the matter itself as opposed to allowing the jury to
do it. (1)

 As for the dispute about whether use of the New Mexico conviction transgressed ex
post facto prohibitions, we conclude that it did not and does not. This is so due to the
wording of the New Mexico statute upon which appellant relies. According to the proviso,
completing probation means that the accused satisfied his criminal liability and authorizes
him to apply for a pardon from the governor to regain his full rights of citizenship. N.M.
Stat. Ann. §31-20-8 (1978). Yet, nowhere does it state that the conviction cannot be later
used for enhancement purposes. And, that fact distinguishes the circumstances before
us from those in Scott v. State, 55 S.W.3d 593 (Tex. Crim. App. 2001). The latter dealt
with the extent one's deferred adjudication could be used to enhance the punishment
applicable to a crime he later committed. When Scott was placed on deferred adjudication,
statute dictated that the completion of his probation did not result in a conviction
susceptible to use for enhancement purposes; so, a change in the law that later allowed
its use implicated ex post facto considerations according to the Court of Criminal Appeals. 
Id. at 597-98. But, when no such express limitation appears in the statute, ex post facto
considerations are not implicated. Ex parte White, 211 S.W.3d at 320. There being no
such limitations in the New Mexico statute cited by appellant, ex post facto restrictions were
not violated when appellant's New Mexico conviction was used for enhancement purposes
here.

 Having overruled each issue, we affirm the trial court's judgment


 Brian Quinn

 Chief Justice 


Publish.
1. Appellant does not suggest that the New Mexico statute underlying his prior conviction was dissimilar
to the crimes itemized in §12.42(c)(2)(B). So we do not address the similarity between the elements of the
various crimes.