Affirmed as Reformed and Memorandum Opinion filed August 26,
2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00131-CR



 

Frankie L. Polk, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1175958



 

MEMORANDUM OPINION

            A jury convicted
appellant, Frankie L. Polk, of sexual assault of a child.  Appellant pleaded “not
true” to an enhancement paragraph alleging he was previously convicted of
robbery and “true” to an enhancement paragraph alleging he was previously
convicted of forgery.  The jury found both enhancement allegations were “true” and
assessed punishment at ninety-nine years’ confinement.[1] 
In two issues, appellant contends (1) the trial court erred by denying appellant’s
request, made after this appeal ensued, to supplement the reporter’s record
with documents purportedly demonstrating the robbery conviction was not final
for enhancement purposes, and (2) the evidence is legally and factually insufficient
to support the jury’s finding of “true” to the enhancement paragraph concerning
the robbery conviction because it was not final.  Although we reject appellant’s contentions,
the judgment inaccurately recites that the jury found the enhancement paragraph
concerning the robbery conviction was “not true.”  Accordingly, we reform the
judgment and affirm as reformed.  

Request to
Supplement The Record

             At the punishment phase
of trial, the State offered, and the trial court admitted, without objection, a
penitentiary packet which reflected on its face that the robbery conviction was
final.  After this appeal ensued, appellant filed in our court an “agreed
motion” to abate the appeal.  Appellant attached records from the court in
which he was convicted of robbery reflecting he was initially placed on
probation for five years, probation was subsequently revoked, probation was later
reinstated, and the term of probation was subsequently extended to seven years. 
Appellant contends these documents show the robbery conviction was not final as
required for enhancement purposes.  See Ex parte White, 211
S.W.3d 316, 319 (Tex. Crim. App. 2007) (recognizing that, for enhancement
purposes, prior conviction must be final conviction and generally probated
sentence is not final conviction unless probation is revoked); Ex parte
Langley, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992) (stating
that, even if defendant had “regular” probation revoked, if he then receives “shock”
probation, conviction becomes non-final for enhancement purposes unless “shock”
probation is revoked).  

However, these documents were not offered
during trial of the present case or via motion for new trial.  Therefore, appellant
requested our court to abate the appeal so that he could present to the trial
court a motion to supplement the record with these documents.  A divided panel
of this court abated the appeal.  Appellant then filed his motion to supplement the record.  The
trial court conducted a hearing and admitted the documents only for purposes of
the hearing.  By written order, the trial court denied the motion.  Our court
then reinstated this appeal, and the parties filed their appellate briefs.  In
his first issue, appellant argues the trial court erred by denying his request
to supplement the record.[2]

In his written motion to supplement,
appellant did not present any specific ground to support the requested relief. 
However, at the hearing, appellant claimed he was entitled to supplementation “on
the basis of optional completeness” because the State presented evidence during
trial that was allegedly false and misleading with respect to finality of the
robbery conviction.

 On appeal, appellant contends this case presents
a “novel” and “unique” situation requiring supplementation of the record
because of the State’s alleged presentation of misleading and incomplete
information.  Appellant then
cites Rule of Appellate
Procedure 44.4, entitled “Remediable Error of the Trial Court,” which provides,


(a) Generally.   A court of appeals must not
affirm or reverse a judgment or dismiss an appeal if:

 

(1) the trial court’s erroneous action or failure or
refusal to act prevents the proper presentation of a case to the court of
appeals;  and

(2) the trial court can correct its action or failure
to act.

 

(b) Court of Appeals Direction if Error Remediable.  
If the circumstances described in (a) exist, the court of appeals must direct
the trial court to correct the error.  The court of appeals will then proceed
as if the erroneous action or failure to act had not occurred.

 

Tex. R. App. P. 44.4.  

In contrast to Rule of Appellate
Procedure 34.6(d), which permits supplementation of the reporter’s record to
include matters that were part of the trial record but omitted from the
appellate record, Rule 44.4 is designed to effect the creation of a new record.
 LaPointe v. State, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007); see
Tex. R. App. P. 34.6(d).[3] 
“When a trial court has erroneously withheld information necessary to evaluate
a defendant’s claim on appeal (e.g. failure to file required findings
of fact) or has prevented the defendant from submitting information necessary
to evaluate his claim (e.g. refusing to permit an offer of proof), the
appellate court is directed to step in and order the trial court to correct the
situation.”  Id.  The key to Rule 44.4 is that there must be an error the appellate court can
correct.  Id.

Appellant suggests that Rule 44.4 is
applicable because the trial court’s purported error in refusing to supplement
the record with the documents at issue prevents appellant from challenging on
appeal the jury’s finding of “true” to the enhancement paragraph.  However, the
trial court did not commit any error as contemplated under Rule 44.4 by
refusing to supplement the record.  See Tex. R. App. P. 44.4; LaPointe,
225 S.W.3d at 522.  Rather, the documents at issue are not part of the record
because appellant failed to offer them during trial pursuant to the rule of
optional completeness or on any other ground.  Moreover, the rule of optional
completeness is not “novel” or “unique” but instead is contained in the Texas
Rules of Evidence.  See Tex. R. Evid. 107 (“When part of an
act, declaration, conversation, writing or recorded statement is given in
evidence by one party, the whole on the same subject may be inquired into by
the other, and any other act, declaration, writing or recorded statement which
is necessary to make it fully understood or to explain the same may also be
given in evidence . . . .”).  Therefore, in essence, the trial court refused to admit evidence after
judgment was rendered that appellant did not offer during trial.  Accordingly,
appellant’s Rule 44.4 argument lacks merit.  We overrule appellant’s first
issue.

Sufficiency
of the Evidence

In his second issue, appellant contends
the evidence is legally and factually insufficient to support the jury’s
finding of “true” to the enhancement paragraph concerning the robbery
conviction.  The complaint
presented in the argument portion of appellant’s brief is dependent on his
contention regarding supplementation of the record; he argues the documents at
issue demonstrate the robbery conviction was not final for enhancement purposes. 
Because the trial court did not err by refusing to supplement the record, we
also reject this challenge to legal and factual sufficiency of the evidence.  

At oral argument in this appeal, appellant
suggested that his trial testimony alone reflected the robbery conviction was
not final for enhancement purposes.  During the guilt-innocence phase, the
State elicited appellant’s testimony that he received five years’ probation for
the robbery conviction and then “did 60 days shock probation.”  The State
elicited this testimony apparently for impeachment purposes, but appellant now
relies on it to support his factual-sufficiency challenge.  Appellant’s oral
argument regarding the effect of this testimony was confined to a
factual-sufficiency challenge.  Although appellant did not specifically advance
this argument in his appellate brief, we will consider it because his stated
issue presents a general sufficiency challenge.  

In examining a factual-sufficiency
challenge, we review all evidence in a neutral light and set aside a verdict
only if (1) the evidence is so weak that the verdict seems either clearly wrong
or manifestly unjust or (2) the verdict is against the great weight and  preponderance
of the evidence.  Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson
v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).  Although we may
substitute our judgment for the jury’s when considering credibility and weight
determinations, we may do so only to a very limited degree and must still
afford due deference to the jury’s determinations.  See Marshall, 210
S.W.3d at 625.  In this case, the jury was free to disbelieve appellant’s testimony
regarding his receipt of probation for the robbery conviction, and we find no
reason to intrude on its decision.  Therefore, appellant’s testimony does not
render the evidence factually insufficient to support the jury’s finding of “true”
to the enhancement paragraph.  Accordingly, we overrule appellant’s second
issue.

Reformation
of the Judgment

Finally, as the State notes in its appellate
brief, the judgment inaccurately recites that the jury found the enhancement
paragraph concerning the robbery conviction was “NOT TRUE,” although sentence
was imposed in accordance with the jury’s findings.  An appellate court has the
power to correct and reform a trial court judgment “to make
the record speak the truth when it has the necessary data and information to do
so,” irrespective of whether any party objected in the trial court.  Nolan v. State, 39 S.W.3d 697, 698
(Tex. App.—Houston [1st Dist.] 2001, no pet.); Asberry v. State, 813 S.W.2d 526, 529–31
(Tex. App.—Dallas 1991, pet. ref’d).  When a judgment improperly reflects the findings of the
jury, the proper remedy is reformation of the judgment.  Asberry, 813
S.W.2d at 529 (citing Aguirre v. State, 732 S.W.2d 320, 327 (Tex. Crim. App.
1982)).   

Accordingly, we reform the judgment
to change the “Findings on 1st Enhancement Paragraph” from “NOT TRUE”
to “TRUE,” and we affirm the judgment as reformed.

 

 








                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Justices Anderson,
Frost, and Seymore.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
See Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2009) (prescribing,
subject to certain exceptions inapplicable in this case, range of punishment
for felony offense when defendant has two previous felony convictions as
confinement for not less than twenty-five years nor more than ninety-nine years
or life).





[2]
In the abatement order, our court cited Rule of
Appellate Procedure 34.6(e) and ordered the trial court to determine whether
there was an inaccuracy in the record and, if so, to correct the inaccuracy.  See
Tex. R. App. P. 34.6(e)(2) (authorizing trial court to resolve dispute on
accuracy of reporter’s record and, if it finds inaccuracy, order reporter’s
record conformed to what occurred in the trial court); Tex. R. App. P. 34.6(e)(3)
(allowing appellate court, if dispute arises regarding accuracy after filing of
reporter’s record in appellate court, to submit dispute to trial court for
resolution).  However, in his motion to supplement and at the hearing,
appellant did not claim there was an inaccuracy in the existing record. 
Rather, he requested supplementation of the record with the documents at
issue.  Therefore, although the request considered by the trial court was
different than the purpose for which we abated, the trial court did deny
appellant’s requested relief, and it is this denial of which he now complains.

 





[3]
At the hearing, the State argued that Rule 34.6(d) is inapplicable because the
documents at issue were not part of the trial record.  Appellant acknowledges
on appeal that Rule 34.6(d) does not apply and relies instead on Rule 44.4.