

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00708-CR

Enrique **GONZALEZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. 12-CRD-36
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  December 10, 2014

AFFIRMED

Enrique Gonzalez, Jr. was convicted by a jury of two counts of indecency with a child.  On appeal, Gonzalez raises four issues asserting the trial court erred by:  (1) allowing his motion for new trial alleging juror misconduct to be overruled by operation of law; (2) commenting on the weight of the evidence; (3) failing to submit a jury note to defense counsel before instructing the jury regarding the note; and (4) using a probationary sentence to enhance punishment in violation of the prohibition against ex post facto laws.

## BACKGROUND

Gonzalez pled not guilty to two counts of indecency with a child. A jury found him guilty of engaging in sexual contact with C.R., a child younger than 17 years of age, by touching her genitals and breast. Gonzalez's sentence was enhanced to life in prison based on a 1996 conviction of aggravated sexual assault of a child. Gonzalez appeals.

## MOTION FOR NEW TRIAL

In his first issue, Gonzalez contends the trial court erred in allowing his motion for new trial to be overruled by operation of law. In his motion for new trial, Gonzalez asserted that jury misconduct during deliberations deprived him of a fair and impartial trial.

A.      Standard of Review

"It is well established that granting or denying a motion for new trial lies within the trial court's discretion." *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Therefore, the standard of review for a trial court's ruling on a motion for new trial is abuse of discretion. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). An appellate court will reverse a trial court's ruling only when the decision to grant or deny the new trial was so clearly wrong it was outside the zone within which reasonable persons might agree. *Id.* at 695 n. 4. In the absence of contrary evidence, it is presumed that the trial court properly exercised its discretion. *Beard v. State*, 385 S.W.2d 855, 856 (Tex. Crim. App. 1965).

When jurors testify as to jury misconduct, the trial court is the sole judge of the jurors' credibility. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001), *Fairley v. State*, 90 S.W.3d 903, 906 (Tex. App.—San Antonio 2002, no pet.). "Where there is conflicting evidence on an issue of fact as to jury misconduct, the trial judge determines the issue, and there is no abuse of discretion in overruling the motion for new trial." *Salazar*, 38 S.W.3d at 148; *Fairley*, 90 S.W.3d at 906.

B.      Conflicting Evidence

Gonzalez supported his motion for new trial with two affidavits from jurors who stated that an unnamed juror made a statement about Gonzalez being listed on the internet as a registered sex offender.  At the hearing on the motion for new trial, one juror, Meliza Kipple, testified on the stand and in her affidavit that it was a male juror who made the statement.  The other affidavit offered by Gonzalez was from a male juror who stated it was a female juror who made the statement.  The State offered five affidavits from jurors who stated they did not hear this statement.

Gonzalez objected to the admission of the State's affidavits based on their timeliness.  Gonzalez stated he did not receive copies of the affidavits until the day of the hearing.  The State countered Gonzalez's objection by showing it just received the affidavits.  The record shows that two of the State's affidavits were dated August 15, 2013 which was five days prior to the hearing, and three of the State's affidavits were dated August 19, 2013 which was only one day prior to the hearing.  The trial court conditionally admitted the affidavits into evidence until it had time to review the cases presented by Gonzalez, and stated it would withdraw them as exhibits if needed.  The State then requested that the affidavits be read into the record.  The trial court allowed the State to read the affidavits into the record with no objection from Gonzalez.  The record does not contain any order by the trial court withdrawing the affidavits.

Because the trial court conditionally admitted the State's affidavits and the record does not establish that the trial court ever withdrew them from evidence, the record contains conflicting evidence about whether a statement was made that Gonzalez was a registered sex offender.  Because the record contains conflicting evidence, the trial court did not abuse its discretion in allowing the motion for new trial to be overruled by operation of law.  *Salazar*, 38 S.W.3d at 148; *Fairley*, 90 S.W.3d at 906.

**COMMENTING ON THE WEIGHT OF EVIDENCE**

In Gonzalez's second issue, he contends the trial court commented on the weight of the evidence, thus depriving him of due process under the Fourteenth Amendment. Specifically, Gonzalez asserts the trial court's comments to the State's witnesses were more respectable and accommodating than the comments to his witnesses. He maintains that all State's witnesses were offered water, tissue, and help by the trial court and were given common courtesies such as being thanked for their testimony. Gonzalez contends that his witnesses were never offered any of these courtesies, but rather admonished before the jury about perjuring themselves. Gonzalez maintains that the trial court admonished each of his witnesses about being under oath and "subject to the penalties of perjury as everybody else that takes the stand," while saying nothing about being under oath or the penalties of perjury to the State's witnesses.

The State contends Gonzalez did not preserve error since he did not timely object to the trial court's comments and actions. Because Gonzalez did not timely object, the State contends the trial court was not afforded an opportunity to correct any possible error.

A.     Preservation of Error

"The purpose of a timely objection is to give the trial judge the opportunity to cure error." *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991); *In re J.G.*, 195 S.W.3d 161, 177 (Tex. App.—San Antonio 2006, no pet.). In order for an objection to be considered timely, it must be made as soon as the grounds for the objection become apparent, i.e., as soon as the defense knows or should know that an error has occurred. *Hollins*, 805 S.W.2d at 476. A timely objection promotes the prevention and correction of errors. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). "Because an objection informs the judge and opposing counsel of the potential for error, an objection conserves judicial resources by prompting the prevention of foreseeable, harmful events." *Id.* In order for an appellant to present a complaint for appellate review, "the

record must show that the complaint was made to the trial court in a timely request, objection or motion." TEX. R. APP. P. 33.1(a)(1).

Here, Gonzalez did not object when the trial court made the admonishments about which he now complains. The record reflects that Gonzalez had ample opportunity to object during both of his witnesses' testimony, but failed to do so.

B.      Motion for Mistrial

Although Gonzalez did not timely object at trial, before the defense rested he did file a motion for mistrial complaining of the trial court's admonishments given to his witnesses. In his motion, Gonzalez complained that the trial court inappropriately admonished his witnesses about telling the truth and the penalties of perjury. He presented case law that discussed how such admonishments could: (1) diminish the credibility of the defense's approach to the case; (2) be calculated to benefit the State or prejudice the Defendant; and (3) imply to the jury the possibility that the witnesses might commit perjury and therefore it was necessary to warn them not to commit perjury.

The trial court responded by stating that it did in fact admonish the victim herself when she got on the stand. The trial court admonished Gonzalez's wife, who testified as a defense witness, because she hesitated before answering very simple questions that would not be complicated for an average person to answer. As to Gonzalez's last witness, the trial court stated that the admonishment was given because the trial court did not want the witness to be untruthful in the event he was upset with Gonzalez for having him subpoenaed to testify. The trial court denied the request for mistrial, but instructed the jury that statements made by the trial court with reference to any of the witnesses were not to be construed by the jury as an indication that the trial court wanted the jury to either convict or acquit the defendant. The trial court instructed the jury that they were the judges of the facts and of the witnesses and their credibility.

"A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). If an impartial verdict cannot be reached, a trial court may exercise its discretion to declare a mistrial. *Sewell v. State*, 696 S.W.2d 559, 560 (Tex. Crim. App. 1983). In most cases, any harm can be cured by an instruction to disregard any improper questions or comments and a mistrial would not be warranted. *Ladd*, 3 S.W.3d at 567.

Here, the trial court denied the mistrial and instructed the jury not to consider any statements made by the trial court with reference to any of the witnesses. It must be presumed that the jury followed this instruction in reaching its verdict. *Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000). Because the trial court instructed the jury to not consider its comments, the trial court did not err in overruling the motion for mistrial.

### FAILING TO PRESENT THE JURY'S NOTE TO DEFENSE COUNSEL

Gonzalez contends the trial court failed to comply with the mandatory provisions of article 36.27 of the Texas Code of Criminal Procedure regarding a note from the jury stating the jury was deadlocked. Article 36.27 provides that a trial court shall respond in writing to a deliberating jury's communication. TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2013). Before answering a jury's communication the judge "shall use reasonable diligence to secure the presence of the defendant and his counsel," and shall submit to defendant and his counsel the jury's communication and the trial court's proposed response. *Id.* Gonzalez maintains the trial court failed to present him with the note so that he could offer an adequate response, and failed to submit to him the court's proposed response before giving the response to the jury. The State contends Gonzalez waived any possible error when he did not make appropriate objections on the record.

The record presented to this court contains no reference to the procedures the trial court followed in preparing to respond to the jury's note that they were deadlocked. The record is also

silent on when Gonzalez or the State became aware that the trial court received the communication from the jury. When the record is silent, a reviewing court must presume the trial court's response to a jury note was in open court and in appellant's presence, giving him the opportunity to object. *Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995). It is the "appealing parties' burden to present a record showing properly preserved, reversible error." *Word v. State*, 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006) (holding appellant failed to preserve error when the record: was silent on procedures followed by trial court; contained no reference to trial court's response to jury communication; did not reflect any objections by appellant; and failed to reveal when appellant became aware of jury's communication).

Here, the trial court received a note from the jury indicating they were deadlocked, and went on the record stating ". . . I've been advised, uh, by the bailiff that you all are stating you are deadlocked." At this point, it is presumed Gonzalez and his attorneys were in the courtroom and had the opportunity to object to the trial court's failure to present the note to them prior to instructing the jury. *Green*, 912 S.W.2d at 192. We need not employ a presumption, however, because at oral argument counsel conceded they were present when the trial court responded to the jury's note. When the trial court announced in open court that it was aware of the deadlock and then proceeded to further instruct the jury with an *Allen* charge,[1] Gonzalez failed to take any steps to notify the court of his concerns. At no point did Gonzalez ask if the jury had submitted a question, seek clarification about the court's decision to provide an *Allen* charge, or lodge any objection. A timely objection must be made in order to preserve error. *Hollins*, 805 S.W.2d at 476. Because no objection was made after the statement regarding the note, Gonzalez did not preserve this issue for this court to review.

---

[1] *Allen v. U.S.*, 164 U.S. 492 (1896).

**PROBATIONARY SENTENCE USED TO ENHANCE PUNISHMENT**

In his final issue, Gonzalez contends the trial court violated the prohibition against ex post facto laws when it allowed a prior felony conviction to be used to enhance punishment. Gonzalez asserts that because he was given probation for his prior conviction, which he successfully completed, there is no final conviction to enhance his punishment. Gonzalez also contends the enhancement statute in effect at the time of his prior conviction required two prior felony convictions to trigger the automatic life enhancement instead of one, which is all the current enhancement statute requires.

A.       Probationary Sentence

Gonzalez argues that his prior conviction should not have been used to enhance his punishment since it was a probated sentence and not a final conviction. It has long been the general rule in Texas that a probated sentence is not a final conviction for enhancement purposes unless it has been revoked. *Jordon v. State*, 36 S.W.3d 871, 873 (Tex. Crim. App. 2001). However, the court in *Comeaux v. State* determined that a "successfully completed and subsequently discharged 'regular' community supervision can be used to enhance punishments for later offenses when the provision permitting enhancement did not exist at the time the 'regular' community supervision was imposed in lieu of incarceration." 151 S.W.3d 710, 713 (Tex. App.—Beaumont 2004, no pet.). Furthermore, section 12.42(g)(1) of the Texas Penal Code provides that a defendant has been "previously convicted" of an offense listed under section 12.42(c)(2)(B), if he either was adjudged guilty or entered a plea of guilty or nolo contendere in return for a grant of a deferred adjudication, "regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision[.]" TEX. PENAL CODE ANN. § 12.42 (West 2013); *see also Ex parte White*, 211 S.W.3d 316, 319 (Tex. Crim. App. 2007). Gonzalez's prior sentence was probated in lieu of incarceration,

and the prior offense is listed under section 12.42(c)(2)(B) of the current enhancement statute. Therefore, the prior conviction can be used to enhance his current conviction.

B.      Ex Post Facto Violation

A conviction which occurred prior to the enactment of an enhancement statute that provides for an increased punishment for a subsequent conviction may be used for enhancement purposes under the statute. *Barnes v. State*, 70 S.W.3d 294, 302 (Tex. App.—Fort Worth 2002, pet. ref'd). The use of the prior conviction is not an ex post facto violation. *Id.* Both the United States Supreme Court and the Texas Court of Criminal Appeals have held that enhancement statutes do not violate the prohibition against ex post facto laws because these statutes penalize the criminal offense being enhanced rather than the prior offense used for enhancement. *McDonald v. Massachusetts*, 180 U.S. 311, 313 (1901); *White*, 211 S.W.3d at 320. Gonzalez argues that because the enhancement statute in effect at the time of his first conviction was amended, the use of the current enhancement statute is an ex post facto violation. Because the current enhancement statute was used to enhance the punishment of the current conviction, not the prior conviction, there is no ex post facto violation in this case. *White*, 211 S.W.3d at 320.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH