PD-0036-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/19/2015 9:46:08 PM
Accepted 2/20/2015 8:41:44 AM
ABEL ACOSTA
CLERK

No. PD-0036-15

_____

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

ENRIQUE GONZALEZ, JR.,
                         Petitioner
V.
THE STATE OF TEXAS,
                         Respondent

_____

Petition in Cause No. 12-CRD-36
From the 229th Judicial District Court of
Duval County, Texas and

The Court of Appeals for the
Fourth District of Texas

_____

PETITION FOR DISCRETIONARY REVIEW

_____

FILED IN
COURT OF CRIMINAL APPEALS

February 20, 2015

ABEL ACOSTA, CLERK

Charles L. Barrera
State Bar No.  01805500
700 E. Second Street
Alice, TX  78332
361-664-2153
**EMAIL: barreralawfirm@aol.com**

Marisol Carvajal-Garcia
State Bar No. 24065014
1600 E. Main, Ste. 227
Alice, TX 78332
361-668-4989
**EMAIL: marisolcarvajal@hotmail.com**

ATTORNEYS FOR PETITIONER

*ORAL ARGUMENT REQUESTED*

**Identity of Parties and Counsel**

Appellant, pursuant to Texas Rule of Appellate Procedure 68.4(a), provides

the following list of all parties to the trial court's judgment and the names and

addresses of all trial and appellate counsel.


Hon. Ana Lisa Garza                      Presiding Judge, 229th Judicial District, Trial Judge

Enrique Gonzalez, Jr.                                Appellant & Petitioner

Charles L. Barrera                             Trial and Appellate Counsel
700 East Second Street
Alice, Texas 78332

Marisol Carvajal-Garcia                      Trial and Appellate Counsel
1600 East Main, Ste. 227
Alice, Texas 78332

Omar Escobar                          Trial and Appellate Counsel for the State
District Attorney for the 229th Judicial District
P. O. Drawer 1061
San Diego, TX  78384

Rumaldo Solis
Duval County Assistant District Attorney
P. O. Drawer 1061
San Diego, Texas 78384

Rodolfo V. Gutierrez
Duval County Assistant District Attorney
P. O. Drawer 1061
San Diego, Texas 78384

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...........................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT.............................................................2

STATEMENT OF THE CASE..........................................................................................2

STATEMENT OF PROCEDURAL HISTORY....................................................................2

REASONS FOR REVIEW..............................................................................................3

STATEMENT OF THE FACTS.......................................................................................4

GROUND FOR REVIEW ONE.......................................................................................4

GROUND FOR REVIEW TWO.......................................................................................6

SUMMARY.................................................................................................................9

PRAYER FOR RELIEF..................................................................................................9

# INDEX OF AUTHORITIES

**CASE LAW:**

*Blue v. State*,
    41 S.W.3d 129, (Tex. Crim. App. 2000)...........................................................3, 4, 6
*Green v. State*,
    912 S.W.2d 189 (Tex. Crim. App. 1995)...................................................................7
*Rabago v. State*,
    75 S.W.3d 561 (Tex. App. – San Antonio, 2002).....................................................6
*Rickels v. State*,
    108 SW3d 900 (Tex. Crim. App. 2003)....................................................................8
*Sharpe v. State*,
    648 S.W.2d 705, 706 (Tex. Crim. App. 1983).........................................................3
*Webb v. State*
    409 U.S. 95 (1972)....................................................................................................6
*Williamson v. State*,
    771 S.W.2d 601 (Tex. App. – Dallas, 1989)........................................................7, 8
*Word v. State*,
    206 S.W.3d 646 (Tex. Crim. App. 2006)..................................................................7

**STATUTES:**

Tex. Code Crim. Proc. Art. 36.27...................................................................................3, 6

Tex. Pen. Code Section 21.11...........................................................................................2

**RULES:**

Tex. R. Crim. Evid. Rule 103(d)....................................................................................4, 6

**CONSTITUTIONAL AMENDMENTS:**

U. S. Const. Am. 6.............................................................................................................8

No. PD-0036-15

_____

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

ENRIQUE GONZALEZ, JR.,
                                    Petitioner
                        V.
THE STATE OF TEXAS,
                                    Respondent
_____

Petition in Cause No. 12-CRD-36
From the 229th Judicial District Court of
Duval County, Texas and

The Court of Appeals for the
Fourth District of Texas

_____

PETITION FOR DISCRETIONARY REVIEW

_____

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:

        ENRIQUE GONZALEZ, JR. petitions the Court to review the judgment affirming his

conviction for two counts of Indecency with a child in Cause No. 12-CRD-36.

1

## STATEMENT REGARDING ORAL ARGUMENT

In the event this petition is granted, the Petitioner requests oral argument. Argument would assist the Court because resolution of the grounds for review depends upon a detailed exploration of the facts of these cases. Further, oral argument would provide this Court with an opportunity to question the parties regarding their positions.

## STATEMENT OF THE CASE

Appellant was charged by indictment with Indecency with a child in violation of TEX. PENAL CODE Sec. 21.11. The indictment alleged that Appellant, on or about June 22, 2011, in Duval County, Texas did then, with the intent to arouse or gratify his sexual desire, intentionally or knowingly engage in sexual contact with a child younger than 17 years of age, by touching her genitals and breast.

It was further alleged that Appellant pled guilty to the offense of Aggravated Sexual Assault on July 9, 1996. In that case, Appellant received a sentence of five (5) years probation. (C.R. Vol. 1, Pages 90-91). A punishment of life imprisonment was assessed by the Court because enhancing circumstances were found to be true.

## PROCEDURAL HISTORY

The judgment of Petitioner's conviction was entered on July 1, 2013. Petitioner's notice of appeal was timely filed. On December 10, 2014, the Fourth District Court of Appeals issued an unpublished opinion by Chief Justice Catherine Stone affirming Petitioner's conviction. A motion for rehearing was not filed in this Cause.

## GROUNDS FOR REVIEW

### GROUND FOR REVIEW NO. 1

**THE APPELLATE COURT ERRED IN FINDING THAT THE TRIAL COURT'S ADMONISHMENTS OF DEFENSE WITNESSES WERE NOT PROPERLY PRESERVED BECAUSE NO OBJECTION WAS MADE AT TRIAL.**

### GROUND FOR REVIEW NO. 2

**THE APPELLATE COURT ERRED BY FAILING TO COMPLY WITH THE MANDATORY PROVISIONS OF ARTICLE 36.27 OF THE TEXAS CODE OF CRIMINAL PROCEDURE REGARDING A NOTE FROM THE JURY STATING THAT THE JURY WAS DEADLOCKED BECAUSE OF APPELLANT'S FAILURE TO OBJECT.**

### REASONS FOR REVIEW

The Fourth Court of Appeals affirmed the conviction in this case on the grounds that Appellant did not preserve error because of his failure to object at the time of trial. The Fourth Court of Appeals did not discharge its duty to review and apply the law of *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) and *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim. App. 1983) to a fair consideration of all the evidence and the entirety of the comments made by the trial court.

Likewise, the Fourth Court of Appeals did not fairly evaluate nor comply with the mandatory provisions of Article 36.27 of the Texas Code of Criminal Procedure regarding a jury note citing the extent of the division of the juror's vote and stating that the jury was deadlocked and further that this error was not preserved because no objection was made at trial.

3

On June 22, 2011, Gonzalez visited the Rodriguez household for the purpose of picking up a canine training collar that he ordered from the internet. Gonzalez and the complaining witnesses' grandfather trained their hunting dogs to search for deer and hogs using the training collar. Complaining witness testified that Gonzalez entered the house and gathered the training collar and on his way out stopped in her room. Complaining witness also claims Gonzalez played with her small dog that was sitting on her lap and while doing so allegedly touched her breast and made contact with her genitals.

Gonzalez was arrest by the San Diego Police Department and was subjected to an interrogation during which he consistently denied involvement with the complaining witness.

## GROUND FOR REVIEW NO. 1, RESTATED

**THE APPELLATE COURT ERRED IN FINDING THAT THE TRIAL COURT'S ADMONISHMENTS OF DEFENSE WITNESSES WERE NOT PROPERLY PRESERVED BECAUSE NO OBJECTION WAS MADE AT TRIAL.**

In *Blue v. State*, supra, this Court held that pursuant to Texas Rules of Evidence 103(d), "we are authorized to take notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court."

The Appellate Court, in its unpublished opinion, stated that the "trial court admonished Gonzalez' wife, who testified as a defense witness because she hesitated before answering very simple questions that would not be complicated for an average person to answer." Also, the record shows that the following conversation transpired while the jury was present and could hear the conversation amongst the Court, Defense Counsel and this Witness:

The Court: I do not want her to perjure herself. (8 R.R. 30/12).
Ms. Garcia: Uh-huh. (8 R.R. 30/13).
The Court: So if you want to take her aside and tell her she needs to be honest. (8 R.R. 30/14-15).
Ms. Garcia: Yes. (8 R.R. 30/16).

The Court: Because there's a record here and they will come after her for perjury, I'm sure. (8 R.R. 30/17-18).
Ms. Garcia: Yes. (8 R.R. 30/19).
The Court: So please...I just don't want her to go there thinking she needs to protect him thinking that everything is fine. (8 R.R. 30/20-22).
Ms. Garcia: Okay. (8 R.R. 30/23).
The Court: Because I don't like that she's hedging here. (8 R.R. 30/24-25).
Ms. Garcia: Do you want me to take her in the jury room? (8 R.R. 31/1-2).
The Court: Just over here to the side. Just take her to the side. Just take her to the side. Just be honest. (8 R.R. 31/3-5).
Ms. Garcia: Yes, ma'am. (8 R.R. 31/6).
(At this point in time, the witness and defense attorneys left the courtroom, but the court and jurors remained). (8 R.R. 31/7-9).
Outside of the presence of defense counsel and their witness and in front of the jury, the court made the following comment:
The Court: Okay, someone needs to be there so that that's the only thing that's discussed. (A deputy left the courtroom and went with the witness and the defense attorneys. When they returned the trial resumed.) 8 R.R. 31/10-15.
The Court: I do have to remind you, ma'am that you are under oath. (8 R.R. 31/16-17).
The Witness: Okay. (8 R.R. 31/18).
The Court: And you are subject to the same penalties of perjury as everybody else that take the stand. Okay? (8 R.R. 31/19-21).
The Witness: Okay. (8 R.R. 31/22).

After the witness completed her testimony, the Defense called David Alvarado to the stand. The following communications occurred between the court and Mr. Alvarado.

The Court: Call your next witness. (8 R.R. 39/11).
Ms. Garcia: David Alvarado. (8 R.R. 39/13).
The Court: Mr. Alvarado. (8 R.R. 39/13).
The Court: Mr. Alvarado stand up here. Is he in handcuffs (speaking to bailiff on the other side of the courtroom)? (8 R.R. 39/16-17).
Mr. Alvarado: No. (8 R.R. 39/18).
The Court: Okay, I didn't know why your hands were behind you like that. Okay raise your right-hand. Raise your right hand. Do you swear to tell the truth, the whole truth, and nothing but the truth, so help you God?
The Witness: Yes, ma'am. (8 R.R. 39/23).
The Court: State your name for the record. (8 R.R. 39/24).
The Witness: David Alvarado, Jr. (8 R.R. 39/25).
The Court: Mr. Alvarado, I do need to tell you as well as all the other witnesses that your testimony is subject to perjury so you are taking an oath to tell the truth so please do. Have a seat. Okay. You are going to have to talk into the mic. (8 R.R. 40/1-5).

In this case, the trial court's comments rise to the level of creating fundamental error that affects substantial rights although they were not brought to the attention of the trial court via objection. The majority opinion of the appellate court completely fails to address

5

this issue in *Blue*, supra. In *Blue*, "a plurality of the Texas Court of Criminal Appeals held that the comments of the trial judge, which tainted appellant's presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection." *Rabago v. State*, 75 S.W.3d 561 (Tex. App. – San Antonio, 2002).

Pursuant to Rule 103(d) this Court, even though there was no objection, is authorized to review the trial judge's statements because they constituted fundamental error of constitutional magnitude. In this case, the trial court attempted to rationalize her admonishments to Defense witnesses Briones and Alvarado by stating that she did admonish the victim when she was on the stand. However, the admonishments to the victim were kind and gentle compared to the harsh and accusatory admonishments of Appellant's witnesses. (7 R.R. 22/9-25), (7 R.R. 23/1-3), (7 R.R. 101/3-6), (7 R.R. 106/18-20).

Additionally, the United States Supreme Court in *Webb v. State* held that once a witness swears to give truthful answers, there are no requirements to warn him not to commit perjury of conversely to direct him to tell the truth. It would render the sanctity of the oath quite meaningless to require admonition to adhere to it. *Webb v. State*, 409 U.S. 95 (1972).

## GROUND FOR REVIEW NO. 2, RESTATED

**THE APPELLATE COURT ERRED BY FAILING TO COMPLY WITH THE MANDATORY PROVISIONS OF ARTICLE 36.27 OF THE TEXAS CODE OF CRIMINAL PROCEDURE REGARDING A NOTE FROM THE JURY STATING THAT THE JURY WAS DEADLOCKED BECAUSE OF APPELLANT'S FAILURE TO OBJECT.**

The Appellate Court did not address the applicability of Article 36.27 to the facts of the case now before the Court because it peremptorily ruled that Gonzalez failed to preserve error because he did not object. Counsel for Gonzalez was never presented with an opportunity to object because the jury note declaring an 8 to 4 deadlock was never presented

6

to counsel. To prove this point, Gonzalez would show that at 7:45p.m. the trial court responded to a jury note asking how long Gonzalez was allegedly in the victim's room. (8 R.R. 206/1-25, 207/16). The note, along with the testimony, was returned to the jury by the bailiff. The jury resumed deliberations and later the proceedings resumed. (8 R.R. 207/12-16). Unlike the communication that was transcribed between the trial court, counsel for the State and counsel for Gonzalez (8 R.R. 202/4 – 8 R.R. 207/15). The record in this case is completely silent as to what occurred between 7:45 p.m. and 9:50 p.m. This can only mean that the trial judge filed the note with the clerk's office and immediately went back on the record and started instructing the jury via the *Allen* Charge. Because counsel for Gonzalez had no idea about the existence of the jury note indicating an 8 to 4 deadlock, Appellant had no opportunity to file an objection.

It is incumbent upon a trial court to follow what is on its face the simple clear and direct mandate of the statute to require the written instructions or answer to a jury's communication to be read in open court in the presence of the Defendant or his counsel unless expressly waived by the Defendant, and to require the court reporter to prescribe such proceedings so that they may become part of the record. *Williamson v. State*, 771 S.W.2d 601 (Tex. App. – Dallas, 1989). The Appellate Court held that the record presented contained no reference to the procedures the trial court followed in responding to the jury's note that they were deadlocked. It further stated that the record is also silent on when Gonzalez or the State of Texas became aware that the trial court received the communication from the jury. The reviewing court went on to say that when the record is silent, a reviewing court must presume that the trial court's response to a jury note was in open court and in the Appellant's presence, giving him the opportunity to object, citing *Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995). It is the "appealing party's burden to present a record showing properly preserved reversible error." *Word v. State*, 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006).

7

The present case is distinguishable from the aforementioned cases because counsel for Gonzalez was never presented with a note that the jury was deadlocked.

The Appellate Court erred in its opinion that Appellant had an opportunity to object to the trial Court's failure to present the note to them prior to instructing the jury. In *Williamson*, the Court noted that there was nothing transcribed by the Court Reporter in the record about a jury communication and the Court's response. In the case now before this Court, the record clearly states the following: "I've been advised, uh, by the bailiff that you all are stating you are deadlocked." (8 RR 207/19-22). The Court makes no reference to a written note that had been delivered to the her specifically stating the jurors were deadlocked at 8 to 4. In fact, the record is abundantly clear that the communication by the Bailiff stated that the jury was deadlocked. Appellant cannot object to a note that was never disclosed to counsel.

In *Rickels*, this Court considered a prior opinion holding that a Defendant must complain at trial to the conditions he finds objectionable. *Rickels v. State*, 108 SW3d 900 (Tex. Crim. App. 2003). By failing to object to the terms and conditions of probation at trial, a Defendant affirmatively waives any complaints he may have had. The court went on to say that the court modified the terms of Rickels probation without a hearing, and <u>Rickels had no opportunity to object</u>. (emphasis ours).

We can make a favorable comparison to the case now before this court. Gonzalez had no opportunity to object to the court's response to the jury's 8 to 4 note. The trial court never disclosed the existence of this note, thus depriving him of his constitutional right to Counsel. (U. S. Const. Am. 6).

## SUMMARY

The justices of the Court of Appeals based their decision in this case on the grounds that Appellant did not preserve error because of his failure to object at the time of trial. Likewise, the Fourth Court of Appeals did not fairly evaluate nor comply with the mandatory provisions of Article 36.27 of the Texas Code of Criminal Procedure regarding a jury note citing the extent of the division of the juror's vote and stating that the jury was deadlocked and further that this error was not preserved because no objection was made at trial.

## PRAYER FOR RELIEF

For the reasons stated, the Petitioner was denied a fair trial in Cause No. 12-CRD-36. Therefore, Appellant prays that this Court grand his petition for discretionary review and upon reviewing the judgment entered below, reverse this Cause and dismiss the prosecution or remand it for a new trial.

Respectfully submitted,

/s/ Charles L. Barrera

CHARLES L. BARRERA
700 East Second Street
Alice, TX  78332
(361) 664-2153
Attorney for Appellant
State Bar No. 01805500

/s/ Marisol Carvajal-Garcia
MARISOL CARVAJAL-GARCIA
1600 E. Main, Ste. 227
Alice, TX  78332
(361) 668-4989
Attorney for Appellant
State Bar No. 24065014

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review has been served, via email at duval229da@yahoo.com to the Duval District Attorney's on the 19th day of February, 2015.

/s/ Charles L. Barrera

_____

CHARLES L. BARRERA

/s/ Marisol Carvajal-Garcia

_____

MARISOL CARVAJAL-GARCIA


## CERTIFICATE OF COMPLIANCE

I hereby certify that this Petition conforms to the requirements of TRAP 9, and consists of words 3022 per TRAP 9.4(i)(2)(D).

/s/ Marisol Carvajal-Garcia

_____

MARISOL CARVAJAL-GARCIA

10

No. PD-0036-15

_____

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

ENRIQUE GONZALEZ, JR.,
                                        Petitioner
                            V.
THE STATE OF TEXAS,
                                        Respondent

_____

APPENDIX ----
PETITION FOR DISCRETIONARY REVIEW

_____

Index:

1 – 9        Court of Appeals Opinion Dated December 10, 2014

10 – 11      8 RR 30 – 31

12 – 13      8 RR 39 – 40

14 – 15      7 RR 22 – 23

16           7 RR 101

17           7 RR 106

18 – 23      8 RR 202 – 207



# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00708-CR

Enrique **GONZALEZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. 12-CRD-36
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed: December 10, 2014

AFFIRMED

Enrique Gonzalez, Jr. was convicted by a jury of two counts of indecency with a child. On appeal, Gonzalez raises four issues asserting the trial court erred by: (1) allowing his motion for new trial alleging juror misconduct to be overruled by operation of law; (2) commenting on the weight of the evidence; (3) failing to submit a jury note to defense counsel before instructing the jury regarding the note; and (4) using a probationary sentence to enhance punishment in violation of the prohibition against ex post facto laws.

1

**BACKGROUND**

Gonzalez pled not guilty to two counts of indecency with a child. A jury found him guilty of engaging in sexual contact with C.R., a child younger than 17 years of age, by touching her genitals and breast. Gonzalez's sentence was enhanced to life in prison based on a 1996 conviction of aggravated sexual assault of a child. Gonzalez appeals.

**MOTION FOR NEW TRIAL**

In his first issue, Gonzalez contends the trial court erred in allowing his motion for new trial to be overruled by operation of law. In his motion for new trial, Gonzalez asserted that jury misconduct during deliberations deprived him of a fair and impartial trial.

A.      Standard of Review

"It is well established that granting or denying a motion for new trial lies within the trial court's discretion." *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Therefore, the standard of review for a trial court's ruling on a motion for new trial is abuse of discretion. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). An appellate court will reverse a trial court's ruling only when the decision to grant or deny the new trial was so clearly wrong it was outside the zone within which reasonable persons might agree. *Id.* at 695 n. 4. In the absence of contrary evidence, it is presumed that the trial court properly exercised its discretion. *Beard v. State*, 385 S.W.2d 855, 856 (Tex. Crim. App. 1965).

When jurors testify as to jury misconduct, the trial court is the sole judge of the jurors' credibility. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001), *Fairley v. State*, 90 S.W.3d 903, 906 (Tex. App.—San Antonio 2002, no pet.). "Where there is conflicting evidence on an issue of fact as to jury misconduct, the trial judge determines the issue, and there is no abuse of discretion in overruling the motion for new trial." *Salazar*, 38 S.W.3d at 148; *Fairley*, 90 S.W.3d at 906.

B.      Conflicting Evidence

Gonzalez supported his motion for new trial with two affidavits from jurors who stated that an unnamed juror made a statement about Gonzalez being listed on the internet as a registered sex offender. At the hearing on the motion for new trial, one juror, Meliza Kipple, testified on the stand and in her affidavit that it was a male juror who made the statement. The other affidavit offered by Gonzalez was from a male juror who stated it was a female juror who made the statement. The State offered five affidavits from jurors who stated they did not hear this statement.

Gonzalez objected to the admission of the State's affidavits based on their timeliness. Gonzalez stated he did not receive copies of the affidavits until the day of the hearing. The State countered Gonzalez's objection by showing it just received the affidavits. The record shows that two of the State's affidavits were dated August 15, 2013 which was five days prior to the hearing, and three of the State's affidavits were dated August 19, 2013 which was only one day prior to the hearing. The trial court conditionally admitted the affidavits into evidence until it had time to review the cases presented by Gonzalez, and stated it would withdraw them as exhibits if needed. The State then requested that the affidavits be read into the record. The trial court allowed the State to read the affidavits into the record with no objection from Gonzalez. The record does not contain any order by the trial court withdrawing the affidavits.

Because the trial court conditionally admitted the State's affidavits and the record does not establish that the trial court ever withdrew them from evidence, the record contains conflicting evidence about whether a statement was made that Gonzalez was a registered sex offender. Because the record contains conflicting evidence, the trial court did not abuse its discretion in allowing the motion for new trial to be overruled by operation of law. *Salazar*, 38 S.W.3d at 148; *Fairley*, 90 S.W.3d at 906.

## COMMENTING ON THE WEIGHT OF EVIDENCE

In Gonzalez's second issue, he contends the trial court commented on the weight of the evidence, thus depriving him of due process under the Fourteenth Amendment. Specifically, Gonzalez asserts the trial court's comments to the State's witnesses were more respectable and accommodating than the comments to his witnesses. He maintains that all State's witnesses were offered water, tissue, and help by the trial court and were given common courtesies such as being thanked for their testimony. Gonzalez contends that his witnesses were never offered any of these courtesies, but rather admonished before the jury about perjuring themselves. Gonzalez maintains that the trial court admonished each of his witnesses about being under oath and "subject to the penalties of perjury as everybody else that takes the stand," while saying nothing about being under oath or the penalties of perjury to the State's witnesses.

The State contends Gonzalez did not preserve error since he did not timely object to the trial court's comments and actions. Because Gonzalez did not timely object, the State contends the trial court was not afforded an opportunity to correct any possible error.

### A. Preservation of Error

"The purpose of a timely objection is to give the trial judge the opportunity to cure error." *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991); *In re J.G.*, 195 S.W.3d 161, 177 (Tex. App.—San Antonio 2006, no pet.). In order for an objection to be considered timely, it must be made as soon as the grounds for the objection become apparent, i.e., as soon as the defense knows or should know that an error has occurred. *Hollins*, 805 S.W.2d at 476. A timely objection promotes the prevention and correction of errors. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). "Because an objection informs the judge and opposing counsel of the potential for error, an objection conserves judicial resources by prompting the prevention of foreseeable, harmful events." *Id.* In order for an appellant to present a complaint for appellate review, "the

record must show that the complaint was made to the trial court in a timely request, objection or motion." TEX. R. APP. P. 33.1(a)(1).

Here, Gonzalez did not object when the trial court made the admonishments about which he now complains. The record reflects that Gonzalez had ample opportunity to object during both of his witnesses' testimony, but failed to do so.

B.      Motion for Mistrial

Although Gonzalez did not timely object at trial, before the defense rested he did file a motion for mistrial complaining of the trial court's admonishments given to his witnesses. In his motion, Gonzalez complained that the trial court inappropriately admonished his witnesses about telling the truth and the penalties of perjury. He presented case law that discussed how such admonishments could: (1) diminish the credibility of the defense's approach to the case; (2) be calculated to benefit the State or prejudice the Defendant; and (3) imply to the jury the possibility that the witnesses might commit perjury and therefore it was necessary to warn them not to commit perjury.

The trial court responded by stating that it did in fact admonish the victim herself when she got on the stand. The trial court admonished Gonzalez's wife, who testified as a defense witness, because she hesitated before answering very simple questions that would not be complicated for an average person to answer. As to Gonzalez's last witness, the trial court stated that the admonishment was given because the trial court did not want the witness to be untruthful in the event he was upset with Gonzalez for having him subpoenaed to testify. The trial court denied the request for mistrial, but instructed the jury that statements made by the trial court with reference to any of the witnesses were not to be construed by the jury as an indication that the trial court wanted the jury to either convict or acquit the defendant. The trial court instructed the jury that they were the judges of the facts and of the witnesses and their credibility.

"A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). If an impartial verdict cannot be reached, a trial court may exercise its discretion to declare a mistrial. *Sewell v. State*, 696 S.W.2d 559, 560 (Tex. Crim. App. 1983). In most cases, any harm can be cured by an instruction to disregard any improper questions or comments and a mistrial would not be warranted. *Ladd*, 3 S.W.3d at 567.

Here, the trial court denied the mistrial and instructed the jury not to consider any statements made by the trial court with reference to any of the witnesses. It must be presumed that the jury followed this instruction in reaching its verdict. *Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000). Because the trial court instructed the jury to not consider its comments, the trial court did not err in overruling the motion for mistrial.

### FAILING TO PRESENT THE JURY'S NOTE TO DEFENSE COUNSEL

Gonzalez contends the trial court failed to comply with the mandatory provisions of article 36.27 of the Texas Code of Criminal Procedure regarding a note from the jury stating the jury was deadlocked. Article 36.27 provides that a trial court shall respond in writing to a deliberating jury's communication. TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2013). Before answering a jury's communication the judge "shall use reasonable diligence to secure the presence of the defendant and his counsel," and shall submit to defendant and his counsel the jury's communication and the trial court's proposed response. *Id.* Gonzalez maintains the trial court failed to present him with the note so that he could offer an adequate response, and failed to submit to him the court's proposed response before giving the response to the jury. The State contends Gonzalez waived any possible error when he did not make appropriate objections on the record.

The record presented to this court contains no reference to the procedures the trial court followed in preparing to respond to the jury's note that they were deadlocked. The record is also

6

silent on when Gonzalez or the State became aware that the trial court received the communication from the jury. When the record is silent, a reviewing court must presume the trial court's response to a jury note was in open court and in appellant's presence, giving him the opportunity to object. *Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995). It is the "appealing parties' burden to present a record showing properly preserved, reversible error." *Word v. State*, 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006) (holding appellant failed to preserve error when the record: was silent on procedures followed by trial court; contained no reference to trial court's response to jury communication; did not reflect any objections by appellant; and failed to reveal when appellant became aware of jury's communication).

Here, the trial court received a note from the jury indicating they were deadlocked, and went on the record stating ". . . I've been advised, uh, by the bailiff that you all are stating you are deadlocked." At this point, it is presumed Gonzalez and his attorneys were in the courtroom and had the opportunity to object to the trial court's failure to present the note to them prior to instructing the jury. *Green*, 912 S.W.2d at 192. We need not employ a presumption, however, because at oral argument counsel conceded they were present when the trial court responded to the jury's note. When the trial court announced in open court that it was aware of the deadlock and then proceeded to further instruct the jury with an *Allen* charge,[1] Gonzalez failed to take any steps to notify the court of his concerns. At no point did Gonzalez ask if the jury had submitted a question, seek clarification about the court's decision to provide an *Allen* charge, or lodge any objection. A timely objection must be made in order to preserve error. *Hollins*, 805 S.W.2d at 476. Because no objection was made after the statement regarding the note, Gonzalez did not preserve this issue for this court to review.

---

[1] *Allen v. U.S.*, 164 U.S. 492 (1896).

**PROBATIONARY SENTENCE USED TO ENHANCE PUNISHMENT**

In his final issue, Gonzalez contends the trial court violated the prohibition against ex post facto laws when it allowed a prior felony conviction to be used to enhance punishment. Gonzalez asserts that because he was given probation for his prior conviction, which he successfully completed, there is no final conviction to enhance his punishment. Gonzalez also contends the enhancement statute in effect at the time of his prior conviction required two prior felony convictions to trigger the automatic life enhancement instead of one, which is all the current enhancement statute requires.

A.      Probationary Sentence

Gonzalez argues that his prior conviction should not have been used to enhance his punishment since it was a probated sentence and not a final conviction. It has long been the general rule in Texas that a probated sentence is not a final conviction for enhancement purposes unless it has been revoked. *Jordon v. State*, 36 S.W.3d 871, 873 (Tex. Crim. App. 2001). However, the court in *Comeaux v. State* determined that a "successfully completed and subsequently discharged 'regular' community supervision can be used to enhance punishments for later offenses when the provision permitting enhancement did not exist at the time the 'regular' community supervision was imposed in lieu of incarceration." 151 S.W.3d 710, 713 (Tex. App.—Beaumont 2004, no pet.). Furthermore, section 12.42(g)(1) of the Texas Penal Code provides that a defendant has been "previously convicted" of an offense listed under section 12.42(c)(2)(B), if he either was adjudged guilty or entered a plea of guilty or nolo contendere in return for a grant of a deferred adjudication, "regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision[.]" TEX. PENAL CODE ANN. § 12.42 (West 2013); *see also Ex parte White*, 211 S.W.3d 316, 319 (Tex. Crim. App. 2007). Gonzalez's prior sentence was probated in lieu of incarceration,

8

and the prior offense is listed under section 12.42(c)(2)(B) of the current enhancement statute. Therefore, the prior conviction can be used to enhance his current conviction.

B.      Ex Post Facto Violation

A conviction which occurred prior to the enactment of an enhancement statute that provides for an increased punishment for a subsequent conviction may be used for enhancement purposes under the statute. *Barnes v. State*, 70 S.W.3d 294, 302 (Tex. App.—Fort Worth 2002, pet. ref'd). The use of the prior conviction is not an ex post facto violation. *Id.* Both the United States Supreme Court and the Texas Court of Criminal Appeals have held that enhancement statutes do not violate the prohibition against ex post facto laws because these statutes penalize the criminal offense being enhanced rather than the prior offense used for enhancement. *McDonald v. Massachusetts*, 180 U.S. 311, 313 (1901); *White*, 211 S.W.3d at 320. Gonzalez argues that because the enhancement statute in effect at the time of his first conviction was amended, the use of the current enhancement statute is an ex post facto violation. Because the current enhancement statute was used to enhance the punishment of the current conviction, not the prior conviction, there is no ex post facto violation in this case. *White*, 211 S.W.3d at 320.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH

9

THE COURT: Okay, do the parties want to go ahead and approach here?

(At the bench, on the record.)

MS. GARCIA: Your Honor --

THE COURT: Okay. Hold on. Obviously there's a record here --

MS. GARCIA: Uh-huh.

THE COURT: -- of when that relationship started.

MS. GARCIA: Uh-huh.

THE COURT: Sexually.

MS. GARCIA: Yes.

THE COURT: I do not want her to purjure herself.

MS. GARCIA: Uh-huh.

THE COURT: So if you want to take her aside and tell her she needs to be honest --

MS. GARCIA: Yes.

THE COURT: -- because there's a record here and they will come after her for perjury, I'm sure.

MS. GARCIA: Yes.

THE COURT: So please I just don't want her to go there thinking she needs to protect him thinking that everything is fine.

MS. GARCIA: Okay.

THE COURT: Because I don't like that she's hedging, here.

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

MS. GARCIA: Do you want me to take her in the jury room?

THE COURT: Just over here to the side. Just take her to the side. Just take her to the side. Just be honest.

MS. GARCIA: Yes, ma'am.

(At this time the witness and the defense attorneys left the courtroom.)

THE COURT: Okay, someone needs to be there so that that's the only thing that's discussed.

(A deputy left the courtroom and went with the witness and the defense attorneys. When they returned the trial resumed.)

THE COURT: I do have to remind you, ma'am, that you are under oath.

THE WITNESS: Okay.

THE COURT: And you are subject to the same penalties of perjury as everybody else that takes the stand. Okay?

THE WITNESS: Okay.

THE COURT: Just answer the questions as best you can.

THE WITNESS: Okay.

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

testimony?

THE COURT: Do you think --

MR. SOLIZ: Your Honor, the only problem I would have, Your Honor, is because I believe the State would have -- will be entitled to possibly recall this witness based on testimony of other witnesses and we would hate for her to have that testimony based on --

THE COURT: Okay. Just wait outside, ma'am.

THE WITNESS: Okay.

MR. BARRERA: Yes, ma'am.

THE COURT: Call your next witness.

MS. GARCIA: Call David Alvarado.

THE COURT: Mr. Alvarado.

MS. GARCIA: Your Honor, let me just set up my chart. Okay?

THE COURT: Mr. Alvarado stand up here. Is he in handcuffs?

MR. ALVARADO: No.

THE COURT: Okay, I didn't know why your hands were behind you like that. Okay raise your right-hand. Raise your right hand. Do you swear to tell the truth, the whole truth, and nothing but the truth, so help you God?

THE WITNESS: Yes, ma'am.

THE COURT: State your name for the record.

THE WITNESS: David Alvarado Jr.

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

THE COURT: Mr. Alvarado, I do need to tell you as well as all the other witnesses that your testimony is subject to perjury so you are taking an oath to tell the truth so please do. Have a seat. Okay. You are going to have to talk into the mic.

THE WITNESS: Can you hear me?

THE COURT: Yes, I can hear you, sir. So just hold on until they start asking you questions.

THE WITNESS: Okay yes, ma'am.

THE COURT: Okay? Got it?

THE WITNESS: Yes, ma'am.

DAVID ALVARADO
was called as a witness, and after having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MS. GARCIA:

Q Can you state your full name for the record, sir?

A David Alvarado, Jr.

Q David, how old are you?

A 23.

Q Do you work?

A Yes, ma'am.

Q Where do you work?

A Roughneck Services.

Q What is that? Where is that out of?

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

13

to publish them to the jury but I would also like to hand an exact copy to the witness that way she could, uh, you know, follow along and answer my questions so the jury can see what it is that she's talking about.

THE COURT: Did you all look at the photographs?

MS. GARCIA: Yes, Your Honor, let me just make sure that we have all of them, not that I don't trust Mr. Soliz. (pause).

THE COURT: Okay. Hello, Chastity. Go ahead and have a seat. And Chastity, when you were here awhile ago, you already took the oath to tell the truth and do you know the difference between telling the truth and telling a lie?

THE WITNESS: (Nodding.)

THE COURT: So you know that you've, uh, sworn to tell the truth. Right?

THE WITNESS: Yes.

THE COURT: And what happens to people when they don't say the truth in Court?

THE WITNESS: You get punished.

THE COURT: Okay. You understand that.

THE WITNESS: Yes.

THE COURT: Do you have any questions?

THE WITNESS: No.

THE COURT: Do you need some water there where you are sitting?

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

THE WITNESS: No, ma'am.

THE COURT: If you need water or you feel uncomfortable you just tell me and I am going to help you. There's a microphone there, Nelly. You need to speak into that mic.

THE WITNESS: Okay.

THE COURT: Thank you.

MR. SOLIZ: Your Honor, uh, first time trying a case in this Court with you, would you prefer that I just sat down or asked my questions from here or can I stand up and move around.

THE COURT: It's up to you.

MR. SOLIZ: Okay.

THE COURT: Whatever makes you feel comfortable.

MR. SOLIZ: Maybe to make her feel comfortable I am going to approach and stand a little closer.

THE COURT: That's not a problem.

CHASTITY RODRIGUEZ was called as a witness, and after having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. SOLIZ:

Q Please state your name for the record.

A Chastity Rodriguez.

Q How old are you?

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

and I am going to approach the witness at this time to make sure she feels a little more comfortable.

THE COURT: Are you okay?

THE WITNESS: Yes.

THE COURT: You don't need water?

THE WITNESS: No.

REDIRECT EXAMINATION

BY MR. SOLIZ:

Q Chastity, I heard you mention right now you had already told me you used a computer. Correct? To look up the --

A Yes.

Q -- that phone number for the boys town national hot line?

A Yes.

Q The computer you mentioned is in your room?

A Yes.

Q Did you get on your computer pretty often?

A Yes.

Q What kind of things would you do on the computer?

A I don't remember.

Q Look up different things?

A Yeah.

Q All right. All right. Now, you also mentioned, uh, uh, more than one shock collar.

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

he?

A No.

Q You have no reason to make this up do you?

A No.

Q Today as you are sitting here is everything you just told these people right here, that you told the people sitting right here and I would ask, uh, everything you told these people today about what this defendant did to you, is that the truth or is that a lie?

A The truth.

Q Do you have any reason to make this up?

A Why would I? He was a family friend.

MR. SOLIZ: I pass the witness, Your Honor.

MS. GARCIA: No further questions from the defense, Your Honor. I would like to use my diagram for another witness that I have. May I please put it in the, uh, corner where it was?

THE COURT: Yes. Chastity, thank you very much we really appreciate it. Do you want some water or anything?

THE WITNESS: No.

THE COURT: You can go ahead and step down. If you would like to, you can sit in the courtroom or you can go outside with your grandma and grandpa but, Chastity, hold on honey. You can't talk about your testimony with

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

you need to do. No problem.

(Jury went into jury room and began deliberations.)

THE COORDINATOR: We have a note from the jury.

THE COURT: The time is 5:36 in cause number 12-CRD-36 State of Texas versus Enrique Gonzalez Jr., the State has -- I mean the jury has sent a note, I am going to go ahead and open the note and I am going to read that on the record. The note says, "May we see the advocacy statement and how long did C. R. say Enrique was in the room from her testimony." Okay. For the question number 1 obviously the answer would be no.

MR. SOLIS: Yes. That was not made as evidence.

THE COURT: Do you all agree that it should say no, it was not in evidence?

MS. GARCIA: Yes.

MR. BARRERA: Yes.

THE COURT: And to the second question, how long did C. R. say Enrique was in the room from her testimony, uh, did she say?

MR. BARRERA: Yes she did, Your Honor, but I think that the note ought to be try your best to recollect the evidence from the witness stand because if we say what the minutes were and that might be a comment on the weight of the evidence.

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

THE COURT: The only thing that I could do would be read back, have the, uh, court reporter, uh, type up that portion and, uh, send it back into the jury room or we could read it back in the jury room or I can, uh, send a letter saying try to best recollect what that testimony was and then see if they send out another note saying we want -- because remember that the instructions do say if you want any portion of the evidence read back we would read it back.

MR. BARRERA: Yes.

THE COURT: Uh, so I don't know how you all prefer that we handle this.

MS. GARCIA: Your Honor, is it asking for us to read it back or what is the correct question?

THE COURT: It just says, "How long did C. R. say Enrique was in the room from her testimony." It doesn't say, we want you to read this back from the transcript.

MR. SOLIS: Your Honor, I agree with Mr. Barrera suggesting just simply state do your best to try to recollect. If at that point they send another note asking, then I guess we could read it back to them at that point. But I think we would need for them to specifically ask that it be read back.

THE COURT: It's going to be "Do your best to try to recollect the testimony." Should I add, if you cannot

recollect the testimony, we can read it back?

MR. SOLIS: I would assume that they would probably at this point return a note asking to get it read back, Your Honor.

THE COURT: So then you all are satisfied with "Just do your best to recollect"?

MS. GARCIA: Yes, Your Honor.

THE COURT: Okay.

THE COURT: Back on the record in cause number 12-CR-36, State of Texas versus Enrique Gonzalez Jr. We got a note and it's 15 till 8:00. Testimony page 3 of 9. Oh I think they are referring to the jury charge. So it says number 1 "request testimony" -- ha, ha, ha, as they are throwing that back at us -- and it does say that they can request testimony. 2, "disagreement about how long Defendant was in room with C. R." 3. "C. R. needs -- C. R. made statement in testimony" and it's signed by the foreman. So, I think that at this point we do need to provide that testimony because it is in the record.

MR. BARRERA: Yes, ma'am.

MR. SOLIS: Yes.

THE COURT: So, uh, if the court reporter --

THE COURT REPORTER: Judge, I printed out a transcript of the testimony of Chastity, so if they can look at it and agree which part they want to be read back.

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

MR. BARRERA: Yes.

THE COURT: Do you have a copy of the testimony as well?

MR. SOLIS: We do, Your Honor.

MR. BARRERA: We ordered a copy of it, of her entire testimony.

THE COURT: Okay. I am going to put this: "We will provide relevant and requested portion of transcript." Now they know they need to make formal requests in writing about exactly what they are looking for.

MS. GARCIA: Your Honor, I have it, it's 86 pages.

THE COURT: Right, but if you'll lend me the transcript, let me look for the portion of the questions. I am not going to send in the whole transcript.

MS. GARCIA: Oh -- Your Honor, I tagged it, I looked through it earlier.

THE COURT: What do you mean you typed it?

MS. GARCIA: I tagged it where --

THE COURT: Oh you tagged it.

MS. GARCIA: -- it answered, uh -- is there a doggy tag on there?

THE COURT: At the top?

MS. GARCIA: Maybe on my other copy.

THE COURT: I don't see a dog ear.

MS. GARCIA: They were asking how long Chastity that the, uh, that Chastity said Enrique was in the room. Correct? Is that what they are asking.

THE COURT: Yes.

MS. GARCIA: Okay. This is it, it's on page 27.

THE COURT: "How long would you say this took place? About five or ten minutes." And then it says, "I'm sure it seemed like a long time didn't it? Yes but it was probably just a few minutes. Right? Yes, sir." So, I am going to highlight "How long would you say that took place, about five or ten minutes." Then I am going to highlight that "It was probably just a few minutes you say. Right? Yes, sir." Do you all agree that this is the portion?

MR. BARRERA: Yes.

THE COURT: Do you want to look at it and see if there's anything other --

MR. SOLIS: I don't have any problem with that, Your Honor.

THE COURT: You are all in agreement, okay, then we are going to, for purposes of the record, I am going to staple the note to the portion of the transcript which is page 27 line 8 question, "How long would you say that took place?" Answer, "About five or ten minutes." Then highlighted number 12, "But it was probably just a few minutes you say, right?" Answer, "Yes, sir." Is everyone

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas

in agreement that this is what I should send back?

MR. BARRERA: Yes.

MR. SOLIS: With the portion about that "it seemed like that long."

THE COURT: Okay I can add it, "But I'm sure it seemed like a long time didn't it?" That's line 10 answer, "Yes." Seems like those are the references to time. I am going to fold the transcript and send it back.

MS. GARCIA: Your Honor, can I have my copy back?

THE COURT: Sure. I will tag it for you so you can know that that's where the testimony was taken out.

(The note with the testimony was returned to the jury by the bailiff. The jury resumed deliberations, then later the proceedings resumed.)

THE COURT: Okay, bring the jury out.

(Jury returned into the courtroom.)

THE COURT: You all may be seated. Ladies and gentlemen of the jury, I've been advised, uh, by the bailiff that you all are stating that you all are deadlocked. So I am going to give you a further charge as required by law. Members of the jury. I am going to ask that you continue your deliberations in an effort to reach an agreement upon a verdict and dispose of this case and I

Heard By The Honorable Ana Lisa Garza, District Judge
229th Judicial District: Starr, Duval & Jim Hogg Counties, Texas