

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00573-CR

Richard Dino **GONZALES**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B17670
Honorable Rex Emerson, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: December 28, 2022

AFFIRMED

A jury convicted appellant Richard Dino Gonzales, Jr. of indecency with a child, a second-degree felony enhanced by a prior conviction for the same type of conduct, and the trial court assessed punishment at confinement for life in the Texas Department of Criminal Justice. *See* TEX. PEN. CODE ANN. §§ 21.11(a)(1); 12.42(c)(2)(B)(v). In two issues, Gonzales complains that (1) the trial court erred in admitting a prior conviction from Oklahoma during the guilt/innocence phase; and (2) the Oklahoma conviction was improperly used for enhancement under Section 12.42(c)(2) of the Texas Penal Code. We affirm.

## I. BACKGROUND

A grand jury indicted Gonzales on one count of indecency with a child. *See id*. § 21.11. According to the indictment, Gonzales, on or about July 11, 2017, engaged in, with intent to arouse or gratify his sexual desire, sexual contact with B.B., a child younger than seventeen years old, by touching B.B.'s genitals. At the jury trial, the State called, among others, B.B., Gonzales's nephew; Heather Starkey, B.B.'s father's live-in girlfriend at the time of the incident; and Todd Burdick, an investigator with the district attorney's office.

B.B. testified that at the time of the incident, he was fourteen years old and resided with his father. On the evening in question, Gonzales joined B.B.'s household for dinner. After dinner, Gonzales and B.B. went to B.B.'s bedroom to play video games. According to B.B., Gonzales "slowly started to massage my legs . . . [a]round my ankle area," which B.B. described as "weird, but at the same time it was familiar, because he has done it before." While B.B. was playing his video game, Gonzales "slowly started to move up towards [B.B.'s] private parts." B.B. continued, "after the gradual movements upwards, [Gonzales] started to massage that area, the private part area," which B.B. later defined as "[m]y penis." B.B. felt scared. After a minute or so, Starkey walked in the room, and she saw Gonzales's hand on B.B.'s penis. Thereafter, B.B.'s father prevented Gonzales from leaving the home. During this time, Gonzales was, according to B.B., frantically pacing and saying "that he wanted to kill himself or he told my dad to kill him, just to kill him and get it over with" because "[h]e was scared . . . [and] didn't want to go back to prison."

Starkey recalled Gonzales attending a family barbeque on July 11, 2017. Starkey testified that, after dinner, Gonzales and B.B. went to B.B.'s bedroom to play video games. According to Starkey, B.B. is loud when he plays video games, so she became suspicious when she noticed that B.B. was very quiet. After Starkey opened B.B.'s bedroom door, she observed Gonzales's "right hand on [B.B.'s] penis." Starkey quickly exited and then returned. Thereafter, Gonzales,

according to Starkey, exclaimed, "I'm sorry. It was a mistake . . . Just let me leave." Starkey also recalled Gonzales exclaiming to B.B.'s father, "Just kill me. It was a mistake. I don't want to go back to prison." Starkey called the police, and she helped B.B.'s father detain Gonzales at the home until law enforcement's arrival.

Burdick testified that he has experience connecting criminal defendants to a judgment through fingerprints or "other forms of identification." He noted that when a judgment contains a defendant's fingerprint, he can compare the fingerprint on the judgment to that of a suspect and determine if the two are the same. Burdick also utilizes the Texas Computerized Criminal Information and National Criminal Information, which he described as databases that catalog an individual's criminal history.

Burdick identified an "Information" and a "Judgment and Sentence," dated March 2, 2005, from Oklahoma in which Gonzales was the criminal defendant. The Oklahoma Judgment and Sentence notes that Gonzales entered a plea of guilty to one count of "lewd molestation" under Oklahoma law, and it convicts Gonzales on that count. Over Gonzales's objections, the trial court admitted the Oklahoma Information and Judgment and Sentence.

The jury convicted Gonzales of indecency with a child. The trial court sentenced Gonzales to life in prison in the Texas Department of Criminal Justice. This appeal followed.

## II. DISCUSSION

### A.      Admission of Extraneous Conduct

Gonzales first complains that the trial court abused its discretion by allowing the admission of the extraneous conduct via his Oklahoma conviction under Article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 38.37. Gonzales's appellate complaints are procedural in nature. Specifically, he contends that the trial court did not: (1) determine that the evidence would be adequate to support a finding by the jury that Gonzales committed the separate

offense beyond a reasonable doubt; (2) conduct a hearing out of the presence of the jury for that purpose; and (3) conduct a balancing test under Texas Rule of Evidence 403. *See id.* § 2-a; *see also* TEX. R. EVID. 403.

Article 38.37, Section 2(b) allows for the admission of evidence that the defendant has committed a separate offense of a sexual nature against a child; the "child victim" of the separate offense need not be the victim of the offense for which the defendant is currently on trial. *Wishert v. State*, 654 S.W.3d 317, 330 (Tex. App.—Eastland 2022, no pet.) (citing *Deggs v. State*, 646 S.W.3d 916, 922 (Tex. App.—Waco 2022, pet. ref'd); *Ryder v. State*, 514 S.W.3d 391, 398–400 (Tex. App.—Amarillo 2017, pet. ref'd); *Harris v. State*, 475 S.W.3d 395, 398–400 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd)). Before extraneous-offense evidence may be admitted pursuant to Article 38.37, Section 2(b), the trial court must (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt, and (2) conduct a hearing out of the jury's presence for that purpose. TEX. CODE CRIM. PROC. art. 38.37, § 2-a; *see also Ryder*, 514 S.W.3d at 399.

We hold that the trial court met both prongs of Section 2-a. First, the trial court "conduct[ed] a hearing out of the presence of the jury" for the purpose of determining whether the evidence should be admissible under Article 38.37. TEX. CODE CRIM. PROC. art. 38.37, § 2-a(2). The reporter's record contains a hearing, titled "Article 38.37," that occurred outside of the presence of the jury — and before jury selection occurred — about this evidence being admitted under Article 38.37. The State initiated this hearing and expressed its intent that the hearing satisfies the requirement in Section 2-a, and Gonzales did not dispute this characterization.

Second, the trial court "determine[d] that the evidence likely to be admitted at trial w[ould] be adequate to support a finding by the jury that the defendant committed the separate offense

beyond a reasonable doubt." *See id.* § 2-a(1). At the pre-trial hearing, the State apprised the trial court of the Oklahoma Judgment and Sentence. At trial, the trial court admitted certified copies of the Oklahoma Information and Judgment and Conviction. This foreign judgment of Gonzales's prior conviction was sufficient evidence to establish the conviction beyond a reasonable doubt. *See Jurado v. State*, No. 08-17-00010-CR, 2019 WL 1922757, at *8 (Tex. App.—El Paso Apr. 30, 2019, pet. ref'd) (not designated for publication) (finding that a judgment of a defendant's prior conviction and related probation records, was sufficient evidence to establish the conviction beyond a reasonable doubt when introduced under Article 38.37). Gonzales only generally complains that the trial court did not complete this statutory step because it did not make any specific findings. However, Gonzales does not cite to any authority requiring that specific findings be made under Section 2-a and we cannot find any authority that requires the trial court to do so.

Gonzales's procedural complaint that the trial court did not conduct a balancing test under Texas Rule of Evidence 403 also fails on the merits. Texas Rule of Evidence 403 authorizes a trial court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. Rule 403 does not require that the balancing test be performed on the record. *Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd). In overruling a Rule 403 objection, the trial court is assumed to have performed a Rule 403 balancing test and determined the evidence was admissible. *Id.* (citing *Yates v. State*, 941 S.W.2d 357, 367 (Tex. App.—Waco 1997, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 897 (Tex. App.—Austin 1998, pet. ref'd)).

We overrule Gonzales's first issue

**B.** **Substantially Similar**

In Gonzales's second issue, he asserts that the trial court erred in using the Oklahoma Judgment and Sentence to enhance his sentence. Specifically Gonzales argues that the State failed to meet its burden of establishing that: (1) the Oklahoma conviction was substantially similar to Texas's indecency with a child statute; and (2) the Oklahoma conviction was a final conviction.

**1.** *Applicable Law*

In Texas, a defendant convicted of a listed sex offense, including sexual assault of a child and trafficking of a child, shall be punished by imprisonment in the Texas Department of Criminal Justice for life if he has "previously been finally convicted" of certain enumerated felony offenses under Texas law. TEX. PENAL CODE ANN. § 12.42 (c)(1), (2)(A)(i), (B)(ii). The Code also provides for a mandatory life sentence if the defendant has been previously convicted of an offense under the laws of another state which contain elements that are substantially similar to the elements of certain enumerated qualifying prior offenses. *See Fisk v. State*, 574 S.W.3d 917, 919 (Tex. Crim. App. 2019) (citing TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v)). One of these enumerated qualifying prior offenses is indecency with a child. *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(ii). To meet the statutory provision "the elements being compared . . . must display a high degree of likeness, but may be less than identical." *Fisk*, 574 S.W.3d at 919 (quoting *Prudholm v. State*, 333 S.W.3d 590, 594 (Tex. Crim. App. 2011)).

In order to "establish that a defendant has been convicted of a [qualifying] prior offense, the State must prove beyond a reasonable doubt that, (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007); *see also Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim. App. 2016). In addition, the State has the burden of establishing that the defendant's prior conviction is a "final" judgment, before it may be used to enhance the defendant's current conviction. *See, e.g., Fletcher v. State*,

214 S.W.3d 5, 8 (Tex. Crim. App. 2007); *see also Ex parte Pue*, 552 S.W.3d 226, 230 (Tex. Crim. App. 2018) ("It is well established that under Texas law only convictions that are 'final' can be used for enhancement purposes"); *Beal v. State*, 91 S.W.3d 794, 796 (Tex. Crim. App. 2002) (recognizing that a court may not use a prior conviction to enhance a defendant's sentence until it has become final).

In determining whether the State has met its burden of establishing these requirements, the fact finder looks at the "totality of the evidence" admitted. *See Flowers*, 220 S.W.3d at 923; *see also Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016). Although evidence of a certified copy of a final judgment and sentence is "preferred," the Court of Criminal Appeals has made it clear that the State is not limited in its methods of proving the prior conviction, noting that, "[j]ust as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Flowers*, 220 S.W.3d at 922–23. Therefore, the State may use "[a]ny type of evidence, documentary or testimonial" to meet its burden of proving the prior conviction. *Id*. at 922.

2.    *Analysis*

The Oklahoma Information accuses Gonzales of one count of "lewd molestation" under Oklahoma law. Specifically, the Information alleges that Gonzales

> unlawfully, willfully, knowingly and feloniously commit[ted] the crime(s) of: Count 1 LEWD MOLESTATION, a felony, on or about the 26th day of November, 2004, by knowingly and intentionally looking upon, touching, feeling the body or private parts of DS in a lewd and lascivious manner by trying to suck his penis, when DS was under the age of 16 years old and the Defendant was at least 3 years older than the victim.

The Information comports with the current lewd molestation statute under Oklahoma law. *See* 21 OKLA. ST. ANN. § 1123(A)(1). The Oklahoma Judgment and Sentence recites that Gonzales pleaded guilty to a single count of lewd molestation, sentences him to ten years confinement in the Oklahoma Department of Corrections, and suspends the final seven years of Gonzales's

confinement. The felony offense of indecency with a child under Texas law is governed by Section 21.11 of the Texas Penal Code. It provides in relevant part:

(a)     A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:

     (1)     engages in sexual contact with the child or causes the child to engage in sexual contact;

. . .

(b)     It is an affirmative defense to prosecution under this section that the actor:

     (1)     was not more than three years older than the victim and of the opposite sex;

. . .

(c)     In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

     (1)     any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child;

TEX. PEN. CODE ANN. § 21.11(a)(1), (c)(1).

Gonzales's contention that the State failed to meet its burden of establishing that his Oklahoma conviction for lewd molestation was substantially similar to Texas's indecency with a child statute fails. Both statutes penalize an individual who is more than three years older than a minor of either sixteen or seventeen years of age for engaging in certain sexual conduct with the minor. Under the Oklahoma lewd molestation conviction, the prohibited sexual conduct included "trying to suck [the minor's] penis." *See* 21 OKLA. ST. ANN. § 1123(A)(1). Under the Texas indecency with a child statute, the prohibited sexual conduct includes "touching" "any part of the genitals of a child." *See* TEX. PEN. CODE ANN. § 21.11(c)(1). We conclude that "the elements being compared . . . display a high degree of likeness." *Fisk*, 574 S.W.3d at 919; *see also* TEX. PENAL CODE ANN. § 12.42 (c)(1), (2)(A)(i), (B)(ii).

In his final argument, Gonzales contends the State failed to establish that he had "gone to prison" and served "his sentence in the Oklahoma penitentiary." The State counters by referencing *Ex parte White*, 211 S.W.3d 316, 319–20 (Tex. Crim. App. 2007), an opinion that analyzes Section 12.42(g) of the Texas Penal Code. Section 12.42 concerns penalties for repeat and habitual felony offenders on trial for first, second, or third degree felonies. *See* TEX. PENAL CODE ANN. § 12.42. Subsection (c)(2) concerns imposition of a sentence of life imprisonment for the commission of certain crimes. *See id.* § 12.42(c)(2). Subsection (g), which the State references in its argument, provides:

> For the purposes of Subsection (c)(2):
>
> (1) a defendant has been previously convicted of an offense listed under Subsection (c)(2)(B) if the defendant was adjudged guilty of the offense or *entered a plea of guilty* or nolo contendere in return for a grant of deferred adjudication, *regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision*; and
>
> (2) a conviction under the laws of another state for an offense containing elements that are substantially similar to the elements of an offense listed under Subsection (c)(2)(B) is a conviction of an offense listed under Subsection (c)(2)(B).

*Id*. § 12.42(g) (emphasis added). In interpreting Subsection (g), the *White* Court held that "a prior foreign conviction for an offense containing elements that are substantially similar to the elements of an offense listed under subsection 12.42(c)(2)(B) may be used to enhance punishment in Texas under subsection 12.42(c)(2), even if the sentence for that conviction was probated and the probation was not revoked." 211 S.W.3d at 319 (footnote omitted).

Under a plain reading of Section 12.42(g)(1), as interpreted by *White*, Gonzales's final complaint fails. The Oklahoma Judgment and Sentence notes that Gonzales entered a plea of guilty to one count of "lewd molestation" under Oklahoma law, and it convicts Gonzales on that count. That Gonzales's punishment in Oklahoma was a mix of confinement and suspended

confinement does not undermine the finality of the Oklahoma Judgment and Sentence for enhancement purposes under Texas law. *See id*.

We overrule Gonzales's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH